**SIGNED.**

Dated: September 12, 2007

_____
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| DAVID LYNN WEIK, | No. 4:07-bk-00958-JMM |
| Debtor. | Adversary No. 4:07-ap-00036-JMM |
| DAVID LYNN WEIK, | **MEMORANDUM DECISION RE:** |
| Plaintiff, | **SANCTIONS** |
| vs. | |
| BETTY SHINN, | |
| Defendant. | |

Before the court is a pleading filed by the Plaintiff, entitled "Motion for Sanctions." Before ruling on the motion, the court must first place it within the context of the pending adversary complaint, and determine whether the relief requested is truly in the nature of a "sanction," as that term is traditionally used in litigation, or if it instead represents some type of offset or other defense against Betty Shinn's claim as a secured creditor, or is a mis-categorized pleading.

## BACKGROUND

### A. The Chapter 13 Case

This is a voluntary chapter 13 case, which the Debtor filed on June 1, 2007. On July 9, 2007, the Debtor filed his chapter 13 plan, wherein he proposed to pay his unsecured creditors approximately 20% on their claims over a 36-month period. To date, that plan has not been confirmed.

## B. The Adversary Proceeding

One of the Debtor's creditors is Betty Shinn, the owner/proprietor of Pantano Stables. Ms. Shinn, unless matters have changed, currently boards a string of the Debtor's horses, at $70 per month per horse, beginning July 15, 2007. This arrangement has apparently been stabilized since July 15, 2007, and is presumably continuing.

At the time the chapter 13 was filed, the Debtor claimed ownership of ten horses. See Exhibit "A" attached. It was against this livestock that Ms. Shinn claimed an agister's lien of approximately $2,946.00, for unpaid feed/board billings.

The Debtor disputed the amount owed to Ms. Shinn, but does not appear to seriously contest her lien claim. Thus, this adversary proceeding has been refined to that issue. It still needs to be set for trial.

After hearings in this court on June 27, 2007, the Debtor secured a buyer for two horses of value. In addition, the Debtor gave away one other horse, because it had severe physical problems and had no intrinsic value. No objection to the disposition of the three horses was made by any party.

On August 1, 2007, this court approved the sale of "Colonel" and "Lou" to Ms. Carol Grubb for $1,900.00. From that sale amount, the court ordered that $950.00 thereof be applied against Ms. Shinn's lien claim.[1] To date, this court assumes that this order was followed.

## C. Motion for Sanctions

On July 31, 2007, within the adversary proceeding, the Debtor filed what he categorizes as a "Motion for Sanctions" against both Ms. Shinn and her attorney:

1. for not fully disclosing facts or evidence;
2. to cease interference with current or future sales; and

---

[1] If Ms. Shinn's lien claim was initially $2,946, it reduced to $1,996, by virtue of said payment.

3. to allow offsets against Shinn's lien claim in an amount totaling $650.00.

The authority under which the Debtor seeks these "sanctions" is FED. R. CIV. P. 11, made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9011

**DISCUSSION**

None of the allegations which the Debtor has made support a motion for sanctions under Rule 11.

**A. <u>Failure to Provide Information</u>**

The first item sought by the Debtor, disclosure of facts or evidence, may be sought pursuant to traditional rules surrounding the discovery of evidence, found at FED. R. BANKR. P. 7026-7037 (incorporating FED. R. CIV. P. 26-37). These include depositions, written interrogatories, and requests for production of documents. "Sanctions," normally sought for failure to produce or provide information, are only available if such discovery is first formally sought, and then improperly resisted. There is no showing, here, that any such discovery tools were ever utilized by the Debtor. Hence, the prerequisites for Rule 37 sanctions have neither been shown nor alleged.

Therefore, a sanction for failure to produce discoverable evidence is not supported by the papers before the court, and on this ground, will be DENIED.

**B. <u>Interference with Sales</u>**

The second ground for a "sanction" seeks some type of monetary relief, or perhaps an injunction, against interference with sales of the remaining seven horses.

On June 27, 2007, this court advised the Debtor to file motions to sell, once he obtained offers. To date, using that procedure, the estate has sold two horses and given away another.

Other sales have apparently fallen through for various reasons. As this court has noted, the proper procedure to sell a horse is to file a motion with the court. There need not be any contact between the parties. The court will rule on any such request promptly.

The incidents of alleged "interference" by Ms. Shinn or her counsel are too vague for the court to rule upon. If the Debtor wishes to sell a horse, all he need do is procure a buyer, and ask the court to approve it.

Even if it could do so, this relief is not a Rule 11 "sanction."

The sanction motion will be DENIED on this second claim.

### C. Offsets

The offset claims are not appropriate "sanctions" motions under FED. R. CIV. P. 11. Instead, since the events in question have allegedly occurred since the original complaint was filed, such new allegations should be addressed in a supplemental pleading, pursuant to FED. R. CIV. P. 15(d) (made applicable by FED. R. BANKR. P. 7015). This procedure is required so that the opposing party may have an appropriate opportunity to defend the new allegations.

In short, a post-complaint offset is not a sanctionable offense under Rule 11.

Accordingly, the relief sought under this third ground shall be DENIED.

### CONCLUSION

An order will be entered which:

1. DENIES Plaintiff's sanctions request in its entirety, and also DENIES his request to enlarge the response time;
2. DENIES Plaintiff's request for oral argument on the sanctions motion; and
3. VACATES the hearing previously set on this item for September 18, 2007 at 9:30 a.m.

DATED AND SIGNED ABOVE

| | |
|---|---|
| 1  COPIES served as indicated below on the date signed above: | |
| 2 | |
| 3  David Lynn Weik<br>PO Box 30802<br>Tucson, AZ 85751-0802 | U.S. Mail |
| 4 | |
| 5  James E. Sherman<br>Sherman and Sherman<br>1503 Avenida Sirio | |
| 6  Tucson, AZ 85701 | Email: jes0825@aol.com |
| 7  Dianne C. Kerns, Trustee<br>7320 N. La Cholla #154 | |
| 8  PMB 413<br>Tucson, AZ 85741-2305 | Email mail@dcktrustee.com |
| 9 | |
| 10 Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 | U.S. Mail |
| 11 | |
| 12 By /s/   M. B. Thompson<br>        Judicial Assistant | |

SIGNED

**EXHIBIT A**

**List of Debtor's Horses**

**Sold or Given Away**

1. Colonel: Sold with Lou for $1900
2. Lou: Sold with Colonel for $1900
3. Name Unknown: Given away

**On Hand**

4. Chance
5. Pet
6. Rosha
7. Diamond
8. Tahoe
9. L'il Girl
10. Name Unknown

