**SIGNED.**

Dated: February 15, 2008

/s/ James M. Marlar
**JAMES M. MARLAR**
**U.S. Bankruptcy Judge**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| DAVID LYNN WEIK, | ) | No. 4:07-bk-00958-JMM |
| Debtor. | ) | Adversary Proceeding No. 4:07-ap-00036-JMM |
| DAVID LYNN WEIK, | ) | **MEMORANDUM DECISION** |
| Plaintiff, | ) | |
| vs. | ) | |
| BETTY SHINN, | ) | |
| Defendant. | ) | |

The Debtor has filed an "Emergency Motion for Reconsideration to Reinstate Case." The motion refers to the dismissal of an adversary proceeding, which this court dismissed on January 10, 2008, for Plaintiff's failure to prosecute.

In the Federal Rules of Civil Procedure, and in the Federal Rules of Bankruptcy Procedure, there is no mechanism for this court to reinstate a dismissed adversary proceeding. The only way in which a court can "reconsider" an order of the type at issue here (a dismissed order) is to treat the motion as a FED. R. CIV. P. 60 motion for relief from judgment or order. FED. R. BANKR. P. 9024 incorporates Rule 60.

The only portion of Rule 60 which would apply here is subpart 60(b)(1), which allows a court to relieve a party from a final order or judgment for "mistake, inadvertence, surprise, or excusable neglect."

The order is final. It was entered on January 10, 2008, and not timely appealed with in the ten-day period for taking an appeal of a final order. FED. R. BANKR. P. 8002(a).

Plaintiff David Weik states, in his motion, that he never received service of the January 9, 2008 status hearing. The court's file reveals that the clerk mailed a copy of the "Notice of Status Hearing on Adversary" on December 22, 2007 to:

> David Lynn Weik
> P.O. Box 30802
> Tucson, AZ 85751-0802

(Dkts. 48, 49, and 50.) This is the same address which appears on the instant motion, as well as the original complaint. The notice was never returned to the Clerk, marked "undeliverable" or noted as not received in any other manner. All of the other participants in the process, however, did receive the same notice and appeared at the required time and place on January 9, 2008.

A person who elects to represent themselves has the same duties and responsibilities to know and understand legal procedures as an attorney. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (holding that pro se litigants "must follow the same rules of procedure that govern other litigants."); Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.") ; see also Jacobsen v. Filler, 790 F.2d 1362, 1364 (9th Cir. 1986) ("[P]ro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record."). One such obligation is to monitor the court's docket on a regular basis, in order to keep oneself advised of the case status. See In re Delaney, 29 F.3d 516, 517 (9th Cir. 1994) (parties have an "affirmative duty" to monitor the docket to determine entry of orders) ; In re Sweet Transfer & Storage, Inc., 896 F.2d 1189, 1193 (9th Cir. 1990) (same).

It is a rule of law that a document, posted in the U.S. mails, is presumed received unless overcome by competent evidence to the contrary. In re La Sierra Fin. Servs., Inc., 290 B.R. 718, 732 (9th Cir. BAP 2002).

Plaintiff's unsworn statement that he never received the court's mailing does not rise to a level which is sufficient to set aside a duly-entered order.

Accordingly, a separate order will be entered which denies the motion to set aside the order of dismissal.

DATED AND SIGNED ABOVE.

COPIES served as indicated below
on the date signed above:

James E. Sherman
Sherman and Sherman
1503 Avenida Sirio
Tucson, AZ 85701                    Email: jes0825@aol.com

Craig Morris
Craig Morris, PC
1790 East River Road Suite 245
Tucson, AZ 85718                    Email: craigmorrispc@qwest.net

Dianne C. Kerns, Trustee
7320 N. La Cholla #154
PMB 413
Tucson, AZ 85741-2305               Email mail@dcktrustee.com

David Lynn Weik
PO Box 30802
Tucson, AZ 85751-0802               U.S. Mail

Office of the U.S. Trustee
230 N. First Ave., Suite 204
Phoenix, AZ 85003-1706              U.S. Mail

By /s/ M. B. Thompson
    Judicial Assistant